UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENE CHALCO, | : | |
| | : | |
| Plaintiff, | : | No. 3:15-CV-340 (VLB) |
| | : | |
| v. | : | |
| | : | October 30, 2018 |
| CHRISTOPHER BELAIR, ROBERT MADORE, RYAN HOWLEY, and ANDREW KATKOCIN, | : : : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM OF DECISION DENYING DEFENDANT BELAIR'S MOTION <u>*IN LIMINIE*</u> RE: AUDIO TRANSCRIPTION [DKT. 155]

Defendant Belair moves *in liminie* to exclude a transcription of his conversation with Plaintiff on March 8, 2013. Defendant argues that the transcription should be excluded for the following reasons: (1) the parties will introduce the audio which is the best evidence of the conversation under Federal Rule of Evidence 1002, (2) the accuracy of the transcription has not been verified or authenticated, and (3) admission of the transcription would be unduly prejudicial to the Defendant because he would have to take the time to compare the audio to the transcription for the jury.

As a starting point, relevant evidence is admissible unless specifically precluded. Fed. R. Evid. 402. Defendant has not cited and the Court cannot conceive of how the transcription falls into any of the excluded categories of material listed in Federal Rule of Evidence 402. The transcription is relevant

because it purports to depict what was uttered at the time and place of the acts complained of. Thus, it is highly probative and relevant.

As an initial matter, transcriptions of recorded conversations are routinely admitted in evidence. *See United States v. Ben-Shimon*, 249 F.3d 98, 101 (2d Cir. 2001) ("Where the recorded conversation is conducted in a foreign language, an English language transcript may be submitted to permit the jury to understand and evaluate the evidence."); *see also United States v. Koska*, 443 F.2d 1167, 1169 (2d Cir. 1971) ("Admission of accurate transcripts as an aid in listening to tape recordings has been held to be a matter within the discretion of the trial judge."); *United States v. Carson*, 464 F.2d 424, 437 (2d Cir. 1972) (holding that it was "not an abuse of discretion to admit the tapes and transcripts into evidence nor error to allow the jury to retain the transcripts during the trial and their deliberations"); *United States v. Buck*, No. 84 CR. 220-CSH, 1987 WL 17646, at *2 (S.D.N.Y. Sept. 18, 1987) ("Where the defendant does not challenge the accuracy of the transcript . . . no problem arises in respect of the submission of the transcript to the jury, although . . . the trial judge should take the precaution of instructing the jurors that what they hear on the tape constitutes the evidence in the case and not what the lawyers have agreed is an accurate transcript."). Here, the audio is difficult to hear and therefore admitting the transcription aids the jury in the same manner as when an audio recording is in another language.

The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence. Fed. R. Evid. 403. Defendant does not challenge the accuracy of the transcription. Absent such a challenge, Defendant has failed to show that the transcription's probative value is substantially outweighed by a danger of unfairly prejudicing, confusing, or misleading the jury. The audio recording is short and the sound quality is not good, therefore admitting the transcription would not unduly delay the proceeding or waste time by admitting needlessly cumulative evidence. Furthermore, the fact that the parties complied with Federal Rule of Evidence 1002 by identifying the original recording does not preclude Plaintiff from offering additional probative evidence on the same subject which tends to aid the jury and is not misleading or unduly repetitive.

Second, "[p]rejudice alone is not sufficient to warrant exclusion under Rule 403. Virtually all evidence is prejudicial to one party or another. When a defendant is being prosecuted for exactly what [the evidence] depicts, courts consistently have rejected Rule 403 challenges. To justify exclusion under Rule 403, the prejudice must be unfair, although evidence may be 'unfairly prejudicial' when it alludes to the very fact to be decided." 2 Weinstein's Federal Evidence § 403.04 (2018) (internal citations and quotations omitted). The Advisory Committee Note to Rule 403 "explains that 'unfair prejudice' means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case. Prejudice is also unfair if the evidence was designed to elicit a response from the

jurors that is not justified by the evidence." *Id.* (internal citations and quotations omitted).

Here, the need to authenticate the transcription and verify its accuracy does not pose an unfair burden on the Defendant. To the extent Defendant challenges its authenticity, Plaintiff can call a witness to authenticate it. In so far as its accuracy is concerned, Defendant does not allege that it is not accurate nor does he allege that it is technologically impossible or cost prohibitive to determine its accuracy. Even if it were, Defendant was present and, having personal knowledge of what transpired, he can impeach the transcription with his testimony or submit his own version of the transcription. *See United States v. Chiarizio*, 525 F.2d 289, 293 (2d Cir. 1975). Given its highly probative value, mere inconvenience or frugality is insufficient to make its prejudicial value substantially outweigh its probative effect. Absent any other argument, Defendant fails to carry his burden of showing that admission of the transcription is unduly prejudicial.

Finally, as described above, courts routinely give and this Court proposes to give, a curative instruction to avoid undue reliance on the transcription. Any such concern can be addressed in an instruction to the jury. For example, Modern Federal Jury Instructions provides several examples of instructions for the use of transcriptions, including the following pattern jury instruction from the Fifth Circuit:

> A typewritten transcription of an oral conversation, which can be heard on a recording received in evidence [as Exhibit _____] was shown to you. The transcription also purports to identify the speakers engaged in such conversation.

> **I have admitted the transcription [as Exhibit _____] for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.**
>
> **You are specifically instructed that whether the transcription correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcription and on your own examination of the transcription in relation to your hearing of the recording itself as the primary evidence of its own contents. If you should determine that the transcription is in any respect incorrect or unreliable, you should disregard it to that extent.**

**Fifth Circuit Pattern Jury Instructions: Civil Cases § 2.14 (2016). The instruction specifically requires the jury to disregard the transcription to the extent that it conflicts with their own understanding of the recording. *See Koska*, 443 F.2d 1167, 1169 n.1 (citing with approval the district court's instruction to the jury that what they hear on the recording controls over the typed transcription). Ultimately, the jury will be charged with deciding what happened for itself. Courts generally presume that jurors will abide by their oath and follow their instructions. *Penry v. Johnson*, 532 U.S. 782, 799 (2001).**

                                                **IT IS SO ORDERED.**

                                                **/s/**
                                      **Hon. Vanessa L. Bryant**
                                      **United States District Judge**

**Dated at Hartford, Connecticut: October 30, 2018**