# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RENE CHALCO,** | : | |
| | : | |
| **Plaintiff,** | : | **No. 3:15-CV-340 (VLB)** |
| | : | |
| **v.** | : | |
| | : | **February 5, 2019** |
| **CHRISTOPHER BELAIR et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF DECISION ON MOTIONS *IN LIMINE* [DKTS. 185-190]

Before the Court are six motions *in limine* by Defendant Christopher Belair. Defendant seeks to exclude the following: (1) testimony and exhibits concerning the criminal and/or internal investigation against Defendant; (2) testimony and exhibits concerning Defendant's personnel history, including his disciplinary history; (3) any evidence pertaining to Defendant's criminal trial stemming from his interaction with Plaintiff; (4) exhibits concerning the Danbury Police Department's rules, regulations, policies and general orders; (5) any evidence pertaining to incidents which occurred after the conclusion of the motor vehicle stop; and (6) evidence of Defendant's termination, appeal and rehire by the Danbury Police Department. *See* Dkts. 185-90. For the reasons and to the extent stated below, Defendant's motions to exclude evidence of criminal and internal investigations, personnel and/or disciplinary history, the criminal trial, police department rules and regulations and Defendant's termination, appeal and rehire are GRANTED. *See* Dkts. 185-188, 190. Defendant's motion to exclude evidence of events which occurred after the motor vehicle stop is DENIED. *See* Dkt. 189.

## I.    Factual and Procedural Background

The Court assumes familiarity with the lengthy history of this case and provides a limited factual and procedural background.  Plaintiff brought this action against Danbury police officers following a traffic stop in Mach 2013.[1]  Plaintiff alleges that during the stop Defendant berated him and punched him in the mouth and nose. Plaintiff brought claims against Defendant for excessive force in violation of the Fourteenth Amendment, deliberate indifference to medical needs in violation of the Fourteenth Amendment, assault and battery, and intentional infliction of emotional distress.  Defendant moved for summary judgment and the Court granted his motion as to Plaintiff's claim for deliberate indifference to medical needs only. Plaintiff's remaining claims are excessive force in violation of the Fourteenth Amendment, assault and battery, and intentional infliction of emotional distress.

## II.    Legal Standard

The purpose of a motion *in limine* is to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieiri v. Defaria*, 88 F.3d 136, 141 (2d. Cir. 1996).  Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *Levinson v. Westport Nat'l Bank,* No. 3:09-CV-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. 2013).  A court's ruling regarding a motion *in limine* "is subject to change when the case unfolds . . . Indeed even if nothing unexpected

---

[1] For a detailed history of the alleged facts and the procedural background of this case, see the Court's Memorandum of Decision Granting Defendants' Motions for Summary Judgment. *Chalco v. Belair et al.*, No. 3:15-CV-340 (VLB), 2018 WL 5892655 (D. Conn. Nov. 9, 2018).

happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."[2] *Palmieri*, 88 F.3d at 139 (quoting *Luce v. United States,* 469 U.S. 38, 41-42 (1984)).

A.    Relevance

Under Federal Rule of Evidence 402, evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence" provided that the fact is "of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence "is not admissible." Fed. R. Evid. 402.

B.    Probative Value

The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. However, "[p]rejudice alone is not sufficient to warrant exclusion under Rule 403. Virtually all evidence is prejudicial to one party or another. When a defendant is being prosecuted for exactly what [the evidence] depicts, courts consistently have rejected Rule 403 challenges. To justify exclusion under Rule 403, the prejudice must be unfair, although evidence may be 'unfairly prejudicial' when it alludes to the very fact to be decided." 2 Weinstein's Federal Evidence § 403.04 (2018) (internal citations and quotations omitted). The Advisory Committee Note to Rule 403 "explains that 'unfair prejudice' means an

---

[2] The Court's ability to alter its ruling regarding a motion *in limine* is particularly instructive here because the parties do not provide the Court with the exhibit numbers of the disputed exhibits, do not attach them to their briefing and do not describe them in any meaningful detail.

undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case.  Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence." *Id.* (internal citations and quotations omitted).

C.     Limiting Instructions

Plaintiff proposes several of the same limiting instructions throughout his briefing. To avoid needless repetition, the Court will address all of Plaintiff's suggested limiting instructions here.   As discussed in detail below, each instruction is unnecessary because the evidence is irrelevant as to the limited purpose for which Plaintiff seeks to introduce it.  Federal Rule of Evidence 105 provides that, "[i]f the court admits evidence that is admissible against a party or for a purpose — but not against another party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105.  As Rule 105 plainly states, limiting instructions are only necessary if the court finds that evidence is admissible for a limited purpose.  1 Weinstein's Federal Evidence § 105.02 (2018).   Plaintiff's evidence is not admissible for the limited purpose he suggests, therefore a limiting instruction is unnecessary.

Plaintiff suggests an instruction that certain evidence is admissible only to inform the jury how "Detective Lieutenant Lopes and Sergeant Soda narrowed down the individuals who may have violated the department's rules and policies." *See, e.g.,* Dkt. 204 at 4.  Plaintiff also describes this instruction as a "roadmap to how the police

narrowed down the individuals who may have violated departmental rules and policies." *Id.* at 3. The Court finds that none of the proposed evidence is admissible for this limited purpose. The methods by which the police department zeroed in on Defendant do not tend to prove any of Plaintiff's remaining claims and therefore, they are irrelevant. *See* Fed. R. Evid. 401.

To the extent Plaintiff is suggesting that he wants to introduce evidence that Officer Howley secretly recorded Defendant and that someone sent Officer Howley's recording to the police department, this ruling does not prohibit Plaintiff from questioning Officer Howley about his actions and motivations and questioning other witnesses with personal knowledge about the transmittal and receipt of the recording because such testimony may be relevant to show that a reasonable police officer would not have acted as Defendant did under the circumstances. *See, e.g.*, Dkt. 200 at 2.

Plaintiff proposes an additional instruction that evidence of the criminal and internal investigations, Defendant's prior disciplinary history and police department policies are admissible only to show the reasonableness of the force allegedly used by Defendant. As explained more fully below, this evidence is irrelevant and inadmissible. Even as to the limited purpose suggested by Plaintiff, this evidence is still inadmissible. The standards governing state law claims, internal investigations, officer discipline and police department policies are irrelevant to Plaintiff's excessive force claim which is governed by a constitutional reasonableness standard. As the Supreme Court explained in *Whren v. United States,* police rules and regulations "vary from place to place and from time to time" such that they cannot be a reliable

measure of constitutional reasonableness under the Fourth Amendment. 517 U.S. 806, 815 (1996). The same principle applies here. *See Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006) ("[W]e are confident that, if confronted with the question of whether police manuals, guidelines or general orders are 'reliable gauges' of the reasonableness of an officer's use of force, the Court would reach the same conclusion that it did in *Whren*."). The Court finds that evidence about whether Defendant violated state law or police department policies is irrelevant to the constitutional reasonableness standard for an excessive force claim.

Lastly, Plaintiff cites *Roguz v. Walsh* in support of his claim that certain evidence is relevant for the limited purpose of determining whether Defendant acted within the scope of his employment. In *Roguz*, plaintiff brought an indemnification claim against defendant officer's police department. No. 09-1052 TLM, 2013 WL 1498126, at *1 (D. Conn. Apr. 5, 2013). For the indemnification claim, plaintiff was specifically required to prove that defendant was acting within the scope of his employment. *Id.* at *8. The Court held that "[t]he fact that [defendant] left employment at the City of New Britain Police Department as a result of the incident underlying this case is relevant to whether he was acting within the scope of his employment, but not as to whether he used excessive force against plaintiff." *Id.* at *13. As discussed above, limiting instructions are only necessary where the evidence sought to be introduced is admissible, but it must be confined to a specific use. Here, unlike the plaintiff in *Roguz*, Plaintiff did not bring a claim against Danbury for indemnification. Therefore, any evidence as to whether Defendant acted within the scope of his employment is inadmissible because it is irrelevant irrespective of the liability created

by Connecticut General Statutes Section 52-557n of a Connecticut municipality for damages caused by a police officer's negligent performance of an official duty.  *See* Fed. R. Evid. 401.

D.      **Impeachment and Prior Inconsistent Statements**

Plaintiff argues that the following categories of evidence can be admitted as either impeachment evidence or substantively as a prior inconsistent statement under Federal Rule of Evidence 801: (1) statements associated with the criminal and internal investigation of Defendant, including the criminal trial; (2) statements made during Defendant's personnel history and prior disciplinary history; and (3) statements associated with Defendant's termination, appeal and re-hire.  Rule 801 provides that a declarant-witness's prior inconsistent statement is not prohibited as hearsay if it was "given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." Fed. R. Evid. 801(d)(1)(A). Plaintiff has not proffered the statements to the Court as required by the Court's Standing Pretrial Order and does not claim the statements he seeks to offer were given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition.  Plaintiff has also failed to show that the statements he seeks to offer fall within the exception to the hearsay rule. Based on the information before the Court at this time, these statements are deemed inadmissible.  However, this ruling is without prejudice to Plaintiff offering such statements, provided they were given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition and disclosed timely to Defendant.

III.    <u>Motion to Exclude Evidence of Criminal or Internal Investigation [Dkt. 185]</u>

Defendant seeks to exclude evidence of the criminal investigation and internal investigation against him as a result of his interaction with Plaintiff during the motor vehicle stop.[3] Defendant claims that this evidence is irrelevant to Plaintiff's remaining claims and unfairly prejudicial. Specifically, he argues that certain witnesses identified by Plaintiff cannot testify about the investigation because they were not present at the time. He also argues that the criminal investigation evidence is irrelevant because he was acquitted of all criminal charges. However, Defendant's principal objection is that Plaintiff seeks to offer evidence of an assault which impermissibly suggests the conclusion the jury should reach. Plaintiff claims the fact that Defendant was arrested and charged with assault is "plainly relevant to the excessive force claim." *See* Dkt. 204 at 4.

Defendant argues that all evidence in the internal or criminal investigation that concludes that Defendant assaulted Plaintiff must be excluded because it impermissibly tells the jury what result to reach. The Court agrees that any factual findings and legal conclusions made by the investigations are inadmissible and the parties should not refer to them. *See Hygh v. Jacobs*, 961 F.3d 359, 364 (2d Cir. 1992) (finding that expert's testimony condemning an officer's actions as unjustified should not have been admitted because it told the jury what result to reach). For example, the internal affairs report states that "there was an unreasonable use of force used by P.O. Belair because he bumped him and then made some other type of contact to

---

[3] Again, the parties did not provide the Court with the exhibits in dispute. The Court is aware of the internal affairs report prepared by the police department and submitted as an exhibit to the parties' summary judgment briefing. The Court is not specifically aware of the criminal investigation evidence to which the parties refer. As this motion appears to substantially overlap with Defendant's Motion *in limine* re Criminal Trial [Dkt. 186], the Court refers the parties to Section IV.

the face of the operator without cause to use any force at all."  The report also states that Defendant "violated Danbury Police Department Rules and Regulations, General Orders, City of Danbury Employee Policies and possibly Connecticut General Statutes."  These conclusions  are based on a standard other than that applicable at trial and are inadmissible. *See Roguz,* 2013 WL 1498126, at *11 ("Any legal conclusions made by the [internal] investigation will not be allowed into evidence nor are they to be referred to.").

Evidence of the internal or criminal investigation is also inadmissible because it is irrelevant to Plaintiff's claims.  Plaintiff's argument that this evidence is relevant to the excessive force claim ignores the history of relevant case law.  In *Whren v. United States*, the Supreme Court rejected a proposed test for Fourth Amendment traffic stops based on a reasonable officer standard.  517 U.S. at 815.  In doing so, the Court considered the use of police policies in determining reasonableness but found that they vary too much between place and time to be reliable.  *Id*.  In *Thompson v. City of Chicago*, the Seventh Circuit applied this principle to reasonableness in the context of constitutionality of excessive force.  472 F.3d at 455.  It explained that Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."  *Id*. at 454.  Therefore, the Court held that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."  *Id*.

This Court has adopted the reasoning of the Seventh Circuit in *Thompson*.  In *Roguz v. Walsh,* the Court held that documents from an internal investigation in an

excessive force case were only relevant to an indemnity claim and were highly prejudicial "to the extent that they might be used as proof that the facts are as the investigation found them to be or that [defendant's] actions amounted to the violation of a constitutional standard." 2013 WL 1498126, at *12. The Court noted that a limiting instruction will be given that the findings of the investigation may not be considered for "whether the force employed against plaintiff was reasonable under the circumstances." *Id.* Because there is no indemnity claim at issue here, the evidence is irrelevant and inadmissible. As these cases illustrate, investigations analyzing whether Defendant violated police regulations and state laws are irrelevant to whether Defendant used excessive force against Plaintiff.

Lastly, the Court notes that the internal affairs report is inadmissible hearsay because it is a statement that the declarant did not make while testifying at the current trial and it is offered by Plaintiff to prove the truth of the matter asserted therein. *See* Fed. R. Evid. 801(c). Federal Rule of Evidence 802 provides that hearsay is not admissible unless an exception under a statute, the Federal Rules of Evidence or rules prescribed by the Supreme Court applies. *See* Fed. R. Evid. 802. Plaintiff does not cite any applicable exception to the hearsay rule and the Court has not identified one. Various exceptions to the rule against hearsay apply regardless of whether the declarant is available as a witness. *See* Fed. R. Evid. 803. However, none of these exceptions apply. The exception for public records applies only to matters "observed while under a legal duty to report." Fed. R. Evid. 803(8)(A)(ii). It is undisputed that the officer who conducted the internal affairs investigation and wrote the investigation report was not present during the incident in March 2013. Thus, the

Court finds that the investigative report is also inadmissible on hearsay grounds and Defendant's Motion *in limine* re the Criminal Investigation and the Internal Investigation [Dkt. 195] is GRANTED.

IV.     Motion to Exclude Evidence of Criminal Trial [Dkt. 186]

Defendant was charged with various crimes related to the incident with Plaintiff. He was found not guilty after a jury trial. Defendant moves to exclude any evidence or any mention of the trial, but he does not object to the parties' use of testimony from the criminal trial for impeachment purposes only. Defendant argues that evidence of the trial is irrelevant to Plaintiff's claims and unduly prejudicial. Plaintiff argues that the fact that Defendant was arrested and charged is relevant to the reasonableness of Defendant's use of force.

Plaintiff cites *Davis v. Rodriguez* in arguing that the crime in question is relevant to evaluating the objective reasonableness of an officer's use of force. Plaintiff confuses the issues. In *Davis*, the Second Circuit held that the district court abused its discretion by failing to allow plaintiff to question the arresting officer in an excessive force case as to the charges the officer contemplated when arresting plaintiff. 364 F.3d 424, 436 (2d Cir. 2004). The Court held that this evidence was "relevant to the excessive force claim because the reasonableness of the force used was partly dependent on the crime in question." *Id.* This is an entirely different situation than the one presented here. Plaintiff was not arrested or charged with any crimes. Plaintiff seeks to introduce evidence of a subsequent criminal prosecution brought against Defendant, the arresting officer. The Court finds that this evidence is irrelevant for the reasons described herein.

The Court precludes evidence of Defendant's criminal trial to the extent Plaintiff seeks to offer it in his case in chief and prohibits any mention of it. Evidence of Defendant's arrest and prosecution is irrelevant because it does not tend to prove or disprove Plaintiff's claims. In *Coffey v. Callaway*, this Court held that "the outcome of [plaintiff's] criminal trial on the underlying charges against him is irrelevant to his claim that [defendant officers] used excessive force in arresting him." No. 3:11-CV-784, 2015 WL 1970566, at *2 (D. Conn. May 1, 2015). The Court explained that an "officer cannot use an individual's subsequent conviction on the charge as evidence that only objectively reasonable force was used to arrest him. Conversely, the individual cannot use his subsequent acquittal as evidence that the arresting officers used unreasonable force." *Id.*; *see also Thompson*, 472 F.3d at 454 (explaining that Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws"); *see also Roguz*, 2013 WL 1498126, at *10 (holding that evidence of defendant's arrest and prosecution is inadmissible because it is not probative of the facts underlying the arrest and it is highly prejudicial). The same reasoning applies here. The fact that Defendant was prosecuted cannot be used as evidence of unreasonable force nor can his subsequent acquittal be used as evidence of reasonable force.

Even assuming *arguendo* that this evidence is relevant, it must be excluded because it is more prejudicial than probative under Federal Rule of Evidence 403. Defendant was arrested based on a probable cause standard for allegedly violating a criminal statute. In a proceeding entirely separate from this one, another adjudicative body applying the beyond a reasonable doubt standard found the Defendant not guilty. Neither the probable cause nor reasonable doubt standard is relevant here.

12

The arrest and acquittal are not only irrelevant they would not aid the jury because they are based on different factual, legal and procedural standards. On the contrary, they would confuse the jury because they are irrelevant and thus superfluous. *See* Fed. R. Evid. 403. If the Court admitted this evidence, it would have to explain these differences to the jury. This would not only unjustifiably confuse the issues and likely mislead the jury, but it would be a waste of time. *See* Fed. R. Evid. 403; *see also Roguz*, 2013 WL 1498126, at *10 ("The arrest has the potential to prejudice the jury's perception of the facts at issue. The jury could conclude that because [defendant] was arrested for his conduct, his conduct was unreasonable . . . The limited probative value of [defendant's] arrest and subsequent criminal case is substantially outweighed by the danger of unfair prejudice."). For these reasons, Defendant's Motion *in limine* re Criminal Trial [Dkt. 186] is GRANTED.

## V. Motion to Exclude Evidence of Personnel and Disciplinary History [Dkt. 187]

Defendant moves to preclude witness testimony and exhibits regarding Defendant's prior history, including his personnel, disciplinary and/or internal affairs history on the grounds that it is impermissible propensity evidence under Federal Rule of Evidence 404(a) and, even if offered for a permissible purpose, it is unfairly prejudicial under Rule 403. In opposition, Plaintiff argues that the prior acts evidence is "absolutely relevant and illustrate[s] a pattern of misconduct." Dkt. 200 at 5. Plaintiff also argues that this evidence is admissible to show intent. Plaintiff offers no analytical support for his conclusions.

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a

particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This type of evidence may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Second Circuit "follows the inclusionary approach, which admits all other act evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Moran-Toala*, 726 F.3d 334, 345 (2d Cir. 2013) (internal citations and quotation marks omitted). However, even if evidence is offered for a permissible purpose, two additional limitations apply. First, it is only admissible if it is relevant to an issue in dispute. *See United States v. Tarricone*, 996 F.3d 1414, 1421 (2d Cir. 1993). Second, it is inadmissible "if the other act or acts are not sufficiently similar to the conduct at issue." *United States v. Gordon*, 987 F.2d 902, 909 (2d Cir. 1993).

The Court finds that evidence of Defendant's prior employment history, including his personnel and disciplinary history, is inadmissible to show intent as Plaintiff suggests.[4] While Plaintiff is correct that intent is a "non-propensity purpose" for which prior acts evidence may be admitted, the exception does not apply in these circumstances. As described above, prior act evidence is only admissible if it is relevant to an issue in dispute. Intent is potentially relevant only to Plaintiff's claim for intentional infliction of emotional distress. However, Plaintiff fails to show any

---

[4] Plaintiff also argues that this evidence should be admitted to establish a pattern of conduct by Defendant. However, "the proper purpose of pattern evidence is principally to show the identity of the perpetrator or the absence of accident or mistake." *Hynes v. Coughlin,* 79 F.3d 285, 291-92 (2d Cir. 1996). Defendant is not claiming he was misidentified or acted mistakenly. Therefore, this evidence is inadmissible to show a pattern of conduct by Defendant.

similarity between the prior acts described in his briefing and the incident in this case. Without some showing of a "similarity or connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent." *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002). Plaintiff alleges that during one prior incident Defendant engaged in "rude and abusive behavior." Plaintiff fails to provide any additional details. For example, there is no allegation that Defendant was involved in a prior incident where he berated an individual for drinking and driving prior to assaulting them. Such an incident may be sufficiently similar to the current incident to show Defendant's intent in allegedly inflicting emotional distress upon Plaintiff. For Plaintiff's remaining claims of excessive force and assault and battery, intent is not at issue because (1) intent is not an element of either claim and (2) Defendant wholly denies striking Plaintiff. *Hynes*, 79 F.3d at 291 ("A dispute as to whether or not a party performed a particular physical act is not an issue as to intent).

The Court is also unpersuaded by the cases cited by Plaintiff. In *Ismail v. Cohen*, the court admitted evidence that the defendant officer assaulted a civilian, falsely claimed the civilian injured him, arrested the civilian and charged him with assault. 706 F.Supp. 243, 252-53 (S.D.N.Y. 1989), *aff'd in relevant part*, 899 F.2d 183, 189 (2d Cir. 1990). This incident occurred less than three months after the subject incident and was very similar to it. *Id.* The court did not specify the claims for which the evidence was relevant, but plaintiff brought claims for false arrest and abuse of process. *Id.* at 245-46. In contrast, Plaintiff does not proffer the evidence sought to be introduced as required by the Court's Standing Pretrial Order nor does he claim

the facts and circumstances surrounding the prior act are relevant, factually similar or close in time to Plaintiff's claims.

Plaintiff also cites *Lewis v. City of Albany Police Department* where the defendant officer claimed he did not participate in the incident at issue. 547 F.Supp.2d 191, 200 (N.D.N.Y. 2008). The court admitted "strikingly similar" evidence of the officer's prior acts to show identity, motive, intent, and modus operandi. *Id.* at 201. This evidence was also deemed relevant to plaintiff's *Monell* claim against the police department. *Id.* at 200. Unlike the case at bar, identity is not at issue and there is no evidence that the prior act evidence Plaintiff seeks to offer is similar to the incident at issue here.

The other acts described by Plaintiff are inappropriate use of his taser gun, inappropriate continued pursuit of operator of a scooter, failure to contact communications prior to foot pursuit, questionable tactics and failure to active internal and external microphones. The Court finds that these prior acts are clearly inadmissible because they are not sufficiently similar to the conduct at issue. *See Gordon*, 987 F.2d at 909. The Court also notes that this evidence is inadmissible without other evidence "sufficient to support a finding" that the prior act occurred. Fed. R. Evid. 104(b). Plaintiff has not pointed to any evidence to support a finding that Defendant engaged in "rude and abusive behavior" in a separate incident. Therefore, the Court finds that this prior act evidence is inadmissible and Defendant's Motion *in limine* re Prior Training, Personnel History and Prior Disciplinary History [Dkt. 187] is GRANTED.

VI.     <u>Motion to Exclude Evidence of Police Department Policies [Dkt. 188]</u>

Defendant moves to exclude various police department rules, regulations, policies and general orders as trial exhibits. Defendant argues that this evidence is irrelevant and unfairly prejudicial. Defendant claims the relevant inquiry for Plaintiff's excessive force claim is whether the use of force was objectively reasonable. He argues that because the policies are not a substitute for this constitutional standard of reasonableness they are not relevant. Plaintiff counters that the evidence is not offered to substitute the liability standard, but to "assist the jury in deciding whether Defendant Belair's conduct was reasonable." *See* Dkt. 201 at 4. Plaintiff also claims that Defendant will not be unduly prejudiced because he "has already been specifically trained in the Danbury Police Department protocols." *Id.* at 5.

The Court agrees with Defendant that the police departments policies are irrelevant to Plaintiff's claims. The relevant inquiry in an excessive force claim is whether the use of force was objectively reasonable under the circumstances confronting the officer. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Plaintiff's argument that the policies are relevant to the jury's determination of whether Defendant's conduct was reasonable again misunderstands the relevant line of cases. As explained in detail in Section II above, Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Thompson*, 472 F.3d at 454. "[T]he violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Id.*

In *Roguz v. Walsh,* this Court held that "[police department] policies are not a substitute for a constitutional standard and [a] violation of or compliance with [those]

17

policies cannot replace the Fourth Amendment inquiry." 2013 WL 1498126, at *8. On this basis, it excluded police department policies as irrelevant to an excessive force claim. *Id.* The Court relied on the same reasoning in *Kokoska v. City of Hartford* to exclude evidence of police department policies in excessive force case. No. 3:12-CV-01111 WIG, 2014 WL 4724879, at *4 (D. Conn. Sept. 23, 2014). The Court agrees with the reasoning in the cases described above and finds that the police department policies are irrelevant to whether Defendant's use of force was objectively reasonable under the circumstances.

With regards to prejudice, the Court finds that the probative value of the police department policies is outweighed by a danger of confusing the issues and misleading the jury. As explained above, the issue is not whether Defendant violated the police department's policies, but whether Defendant used an objectively reasonable amount of force under the circumstances. Plaintiff argues that Defendant is familiar with police department protocols, but this fails to alleviate the potential for this evidence to confuse the issues and mislead the jury. *See* Fed. R. Evid. 403. Therefore, Defendant's Motion *in limine* re Police Department Rules, Regulations, Policies and General Orders [Dkt. 188] is GRANTED.

VII.   <u>Motion to Exclude Evidence of Post Detention [Dkt. 189]</u>

Defendant seeks to exclude any evidence pertaining to events which occurred after Plaintiff's motor vehicle stop. The parties do not state the evidence to which this dispute pertains. The Court surmises Defendant seeks to exclude any evidence that the officers did not offer Plaintiff a ride home after his car was towed, that the weather conditions were poor, that Plaintiff was left on the street during a snow storm

and walked the mile to his home at approximately 1:00 in the morning. Defendant argues that because Plaintiff's deliberate indifference claim is no longer viable any evidence relating to post detention events is irrelevant and unduly prejudicial. In response, Plaintiff claims that this evidence is relevant because Defendant will testify that he offered Plaintiff a ride home prior to the stop. Plaintiff also claims that post stop conduct is relevant to Plaintiff's emotional distress claim.

The Court agrees with Plaintiff that this evidence is relevant to Plaintiff's emotional distress claim. Plaintiff must prove that Defendant intended to inflict emotional distress or Defendant knew or should have known that emotional distress was the likely result of his conduct. *Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210 (2000). Defendant's post-detention conduct is relevant to whether he acted intentionally or knew Plaintiff would suffer distress from his conduct. The time of night, weather conditions, and distance that Plaintiff walked home are also relevant to color the emotional distress claim. For example, if Defendant offered Plaintiff a ride home after the stop it may undermine Plaintiff's claim that Defendant acted intentionally.

Post detention evidence is relevant and it should not be excluded on unfair prejudice grounds as Defendant suggests. Unlike other evidence discussed herein, this post-detention evidence covers a discrete time period and does not require the Court to explain and distinguish an inapplicable standard for the jury. Nor does admission risk confusing the issues or misleading the jury. Lastly, the Court does not find that allowing this evidence will force Defendant to litigate a previously dismissed claim or waste time because this evidence is relevant to Defendant's intent

on the emotional distress claim.  Therefore, Defendant's Motion *in limine* re Post Detention [Dkt. 189] is DENIED.

VIII.  <u>Motion to Exclude Evidence of Defendant's Termination and Rehire [Dkt. 190]</u>

Defendant moves to exclude evidence of his termination, appeal of the termination decision and rehire arguing that it is irrelevant and unfairly prejudicial.  In response, Plaintiff argues that this evidence is relevant to how the internal affairs bureau "outlined how Defendant Belair may have violated departmental rules and policies."[5] *See* Dkt. 203 at 3.  Plaintiff fails to elaborate beyond this blanket statement.

Plaintiff has failed to show that evidence of Defendant's termination, appeal of the termination decision and rehire are irrelevant to Plaintiff's remaining claims.  Plaintiff fails to show how this evidence is relevant by tending to show Defendant used excessive force, assaulted or inflicted emotional distress on Plaintiff.  *See Roguz*, 2013 WL 1498126, at *13 (the fact that defendant left employment with police department because of incident with plaintiff was irrelevant to excessive force claim).  Indeed, the entire focus of the trial is upon the events that occurred during the brief traffic stop in March 2013.  The jury needs to determine what happened that night to decide Plaintiff's claims.  The actions of the police department's hiring or administrative body are completely irrelevant to the jury's determinations.  Like the evidence of the criminal trial and police department policies, the policies governing an officer's termination and rehire are also likely to vary from time to time.  *See Thompson*, 472 F.3d at 455 ("[W]e are confident that, if confronted with the question

---

[5] As explained in Section II.C., the manner in which the police department discovered that Defendant may have violated its rules is not probative of any of Plaintiff's claims. *See* Fed. R. Evid. 401.

of whether police manuals, guidelines or general orders are 'reliable gauges' of the reasonableness of an officer's use of force, the Court would reach the same conclusion that it did in *Whren*.").  Plaintiff has failed to show that Defendant's termination decision was governed by any standard relevant to this case.  Therefore, for the reasons set forth above, the Court finds that the police department's employment policies are irrelevant to whether Defendant's use of force was objectively reasonable under the circumstances, and that introducing them would confuse the jury, waste time and be unfairly prejudicial to Defendant

Even assuming this evidence was relevant, it is unduly prejudicial.  The Court would have to explain that Defendant's termination and rehire involved application of a different standard of review which is not applicable to Plaintiff's claims for excessive force, assault and battery and intentional infliction of emotional distress.  This would impermissibly risk confusing the issues, misleading the jury, causing undue delay and wasting time.  *See* Fed. R. Evid. 403.  For these reasons, Defendant's Motion *in limine* re Defendant's Termination, Appeal and Re-Hire [Dkt. 190] is GRANTED.

IX.    Conclusion

For the foregoing reasons, Defendant's motions are GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge


Dated at Hartford, Connecticut: February 5, 2019.